**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KINDRED HOSPITAL EAST L.L.C.,
d/b/a KINDRED HOSPITAL- NORTH
FLORIDA,

        Plaintiff,

vs.                                         Case No. 3:05-cv-995-J-32TEM

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC.,

        Defendant.

## ORDER[1]

In this case, health care provider Kindred Hospital East L.L.C., d/b/a/ Kindred Hospital - North Florida ("Kindred Hospital"), as assignee of 21 patients, seeks to recover funds from insurer Blue Cross and Blue Shield of Florida, Inc. ("BCBSF") that the hospital contends it is owed for medical services provided to the patients, citing the Employment Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. § 1446, as the basis for federal jurisdiction.  Before the Court is Kindred Hospital's Second Amended Complaint for Damages (Doc. 39-1), defendant BCBSF's Motion To Dismiss Second Amended Complaint Or, Alternatively, For Summary Judgment

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

(Doc. 42), and plaintiff's response in opposition to the motion. (Doc. 50.) The parties have also submitted affidavits and exhibits for consideration. (Docs. 39-2 to 39-4, 43-3 to 43-7, 50-2 to 50-9.)

## I.   **APPLICABLE STANDARDS**

When considering a motion to dismiss under Rule 12(b)(6), a court must accept the allegations of the plaintiff's complaint as true and construe the allegations in the light most favorable to the plaintiff. M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006) (citation omitted). A complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lopez v. First Union Nat'l Bank, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Rule 12(b)(6) authorizes a court to dismiss a complaint on a dispositive issue of law. Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

While this matter is positioned to be considered on motion for summary judgment,[2] the state of the pleading in Kindred Hospital's Second Amended Complaint

---

[2]   If a party moves to dismiss pursuant to Rule 12(b)(6) and presents matters outside the pleadings, the court has discretion whether or not to consider documents attached to the motion to dismiss. Once the court determines to consider matters extraneous to the pleadings, Rule 12(b) mandates that the motion is converted from a motion to dismiss to a motion for summary judgment, and the court must provide the nonmoving party ten days "to supplement the record" prior to issuing a ruling. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002); Fed.R.Civ.P.

advises that this case is not ready for such dispositive consideration.

## II.   **The Second Amended Complaint For Damages (Doc. 39)**

Kindred Hospital sets forth three claims, entitled: "Breach of Insurance Contract - Insurer"; "Breach of Fiduciary Duty"; and "Breach of Plan; Denial of Benefits," all based upon the patients' assignment of benefits authorizing Kindred Hospital to seek payment for services from the patients' insurer. (Doc. 39 at ¶¶ 21, 34, 44; Doc. 39-4 (Exhibit III).) Count I, alleging breach of contract, is based upon Florida state law; Counts II and III cite to ERISA provisions, 29 U.S.C. §§ 1104 and 1132. Each count incorporates plaintiff's general allegations. (Doc. 39.) The Second Amended Complaint does not identify in any way what patient accounts form the basis for Kindred Hospital's claims, rather alleging: "[t]he patient account(s) at issue is/are noted more fully in the itemized bill(s), insurance claim forms(s) and/or spreadsheet(s) attached hereto as Exhibit I" and that "the patient(s) included in the itemized bill(s), insurance claim form(s) and/or spreadsheets is/are collectively referred to as

---

12(b), 56. However, conversion, even without notice, is harmless if the record indicates that the parties understood conversion would take place and submitted all of the documents they would have submitted even with proper notice. Brown v. Brock, 169 Fed. Appx. 579, 582 (11th Cir. 2006) (unpublished opinion)(citing Denis v. Liberty Mut. Ins. Co., 791 F.2d 846, 850 (11th Cir. 1986)).
    Inasmuch as Kindred Hospital submitted 191 pages of exhibits, including an eleven page affidavit in opposition to BCBSF's motion, it is clear that parties understood that the motion to dismiss can be converted to and considered as a motion for summary judgment. See Brown, 169 Fed. Appx. at 582.

3

"PATIENT."  (Doc. 39 at ¶ 7, citing Doc. 39-2 (Exhibit I).)[3]  In each Count, Kindred Hospital seeks to recover $2,390,539.48 in alleged unpaid payments, interest, costs, and attorney's fees.  (Doc. 39 at 6, 8, 9.)

In its motion to dismiss and motion for summary judgment, BCBSF categorized the 21 underlying patient accounts, identifying the patients by initials.  (Doc. 42 at 2-3.)  BCBSF contends, and submits affidavit testimony as support, that thirteen (13) of the patients are covered by group contracts issued by BCBSF to private employers for the purpose of providing medical coverage to their employees and are governed by the terms of ERISA; two (2) patients do not have insurance contracts with BCBSF and thus the claims based upon those patients should be dismissed because BCBSF is not the proper party defendant; two (2) patients have individual insurance contracts with BCBSF and are not covered by group contracts, and thus are not governed by ERISA; and one (1) patient claim is not being pursued by Kindred Hospital.  (Docs. 42 at 2-4; 43-3.)

In its response, Kindred Hospital agrees with BCBSF to the extent that it acknowledges that "for those accounts which are ERISA related the Hospital seeks payment from BCBS pursuant to [ERISA] Sections 29 U.S.C. § 1104, 1132(a)(1)(B)

---

[3]  Exhibit I to the Second Amended Complaint is a one-page spreadsheet listing 21 patients identified by "BCBS Contract Number", "B&J CLS File No." and "Patient Acct. No."  The spreadsheet lists the dates of service for each patient, the "Total Charges" for each patient, and the "Principal Balance" for each patient, which ranges from $7,604.32 to $436,887.52, and totals $2,390,539.48.  (Doc. 39-2 at 2.)

and 1132(c), which claims are set forth in counts two and three of Plaintiff's complaint." (Doc. 50 at 2.) As to the "accounts" which are not covered by ERISA insurance plans, "the Hospital seeks payment from BCBS under a state law breach of contract theory . . . ." (Id.) Kindred Hospital requests "leave to withdraw" "without prejudice" its claim based upon the patient whose "Hospital claim was properly paid," and its claims based upon "the 'non-Florida' accounts identified by BCBS in its motions." (Doc. 50 at 5-6.)

Substantively, BCBSF argues that Counts II and III should be dismissed as a matter of law because: 1) Count II claiming breach of fiduciary duty under ERISA fails to state a claim; and 2) Count III fails to state a claim because it does not allege that the Hospital exhausted its administrative remedies as required by ERISA. (Doc. 42 at 11-13.) Further, BCBSF contends summary judgment should be entered in its favor on Count I, based upon its affidavit testimony that Kindred Hospital failed to satisfy the conditions precedent to the contracts, which require that the patient (or in this case his or her assignee Kindred Hospital) exhaust administrative remedies. (Id. at 15.) BCBSF also argues that Counts II and III should be dismissed as to the two patients who are not are part of an ERISA-covered employer's plan. (Id.)

### III.     Discussion

#### A.     Breach of Fiduciary Duty (Count II)

In Count II, Kindred Hospital, as assignee of "PATIENT", alleges that "[b]y

failing to pay the claim of HOSPITAL, Defendant, INSURER, and/or its agents has acted in an arbitrary and capricious manner and has breached its fiduciary duty to administer the Plan pursuant to 29 U.S.C. § 1104." (Doc. 39 at ¶ 40.)  The Court construes Count II as a claim for benefits assigned to Kindred Hospital by hospital patients who are beneficiaries or participants under various employer insurance plans with BCBSF.

Section 1132(a)(1)(B) provides ERISA participants or beneficiaries with a civil cause of action to recover benefits, enforce rights to benefits, or clarify rights to future benefits under ERISA plans. Aetna Health, Inc. v. Davila, 542 U.S. 200, 210 (2004)(citing 29 U.S.C. § 1132(a)(1)(B)). Kindred Hospital seeks recovery of benefits from BCBSF pursuant to section 1132(a)(1)(B) in Count III. (Doc. 39 and ¶ 51.)

Section 1132(a)(2) provides a cause of action for breach of fiduciary duty under 29 U.S.C. § 1109(a), which renders a fiduciary which breaches its duty liable for losses to the plan and subject to "such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. §§ 1109, 1132(a)(2). A claim brought pursuant to section 1132(a)(2), however, may only be brought on behalf of the Plan; section 1132(a)(2) provides no relief to an individual plan beneficiary or participant. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S.

134, 140, 142 & n. 9 (1985)[4](holding that plan fiduciary could not be held personally liable to plan participant or beneficiary for extra-contractual compensatory or punitive damages caused by improper or untimely processing of benefits claim).  Moreover, section 1104, cited by Kindred Hospital as the basis for its Count II breach of fiduciary duty claim, sets forth the "duty of care" of a plan fiduciary, see Massachusetts Mut. Life Ins. Co., 473 U.S. at 143 n.10, and is not a part of this ERISA remedial scheme for recovery of benefits.

Additionally, because Kindred Hospital does have an adequate remedy available to seek benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), it has no basis under ERISA to bring a separate claim for benefits asserting a claim of breach of fiduciary duty.  See Varity Corp. v. Howe, 516 U.S. 489, 512, 515 (1996); see also Hamilton v. Allen-Bradley Co., 244 F.3d 819, 826 (11th Cir. 2001); Kennedy v. Metropolitan Life Ins. Co., 357 F.Supp.2d 1346, 1347-48 (M.D. Fla. 2005)((beneficiary could not state individual claim for relief for breach of fiduciary duty under ERISA); Chiroff v. Life Ins. Co. of N. America, 142 F. Supp.2d 1360, 1365-66 (S.D. Fla. 2000)(beneficiary does not have a breach of fiduciary claim for benefits under "catch-all" provision 29 U.S.C. § 1132(a)(3) because an adequate remedy is available under § 1132(a)(1)(B));

---

[4] Congress' intent was that suits for breach of fiduciary duty brought pursuant to section 1132(a)(2), the enforcement provision of section 1109, be brought in a representative capacity of the plan as a whole, advancing Congress' concern with the possible misuse of plan assets, and with remedies that would protect the entire plan. Massachusetts Mut. Life Ins. Co., 473 U.S. at 142 & n.9.

Seales v. Amoco Corp., 82 F. Supp.2d 1312, 1323-25 (M.D. Ala.), aff'd, 245 F.3d 795 (11th Cir. 2000)(only where ERISA does not provide adequate relief can plan participants pursue individualized relief for breach of fiduciary duty). See also Katz v. Comprehensive Plan of Group Ins., 197 F.3d 1084, 1088-89 (11th Cir. 1999).

Kindred Hospital's breach of fiduciary claim is in realty a claim seeking unpaid benefits, and is identical to its claim for benefits brought pursuant to 29 U.S.C. § 1132(a)(1)(B) in Count III. It seeks the same damages, interest, reasonable attorney's fees and costs, all remedies that are available under § 1132(a)(1)(B). Kindred Hospital's Count II claim for benefits based on a theory of breach of fiduciary duty fails as a matter of law under all possible theories.

### B. Inartful Pleading

The Federal Rules of Civil Procedure require only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all *material* elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006). Whether a complaint gives reasonable notice is a question of law. Bejil v. Ethicon, Inc., 269 F.3d 477, 481 (5th Cir. 2001); Evans, 131 F.3d at 964 n.2.

Rule 10(b) Federal Rules of Civil Procedure provides, in pertinent part:

> Each claim founded upon a separate transaction or occurrence , , , shall be stated in a separate count . . .

> whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b).  See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

The Eleventh Circuit explained that Rules 8 and 10 work together

> "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not."

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996)(citation omitted).

Counts I and III that remain in Kindred Hospital's Second Amended Complaint seek to recover the same amount in alleged unpaid benefits - $2,390,539.40, plus interest, costs, and reasonable attorney's fees, for additional benefits pertaining to 21 patients.  With prodding and clarification of claims by BCBSF, plaintiff concedes that its pleading is not "artfully crafted" (Doc. 50 at 2), and through narrative in a memorandum response, divides the claims between the two counts, and even withdraws portions of its claim.  This narrative does not have the effect of amending the complaint, however, and as the complaint stands, it, in conjunction with the attached Exhibit, alleges a breach of contract action and an ERISA action, with insufficient factual allegations to put the defendant and the Court on notice of the specific factual basis for each claim (ie. which patients individual claim underlie each count).

Furthermore, Count III fails to allege the essential condition precedent to an ERISA claim: exhaustion of administrative remedies. See Variety Children's Hospital, Inc. v. Century Medical Health Plan, Inc., 57 F.3d 1040, 1042 & n.2 (11th Cir. 1995).

The Court, may *sua sponte* intervene and require the plaintiff to re-plead the complaint to narrow and define the issues. See Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290,1333 (11th Cir. 1998); Fikes, 79 F.3d at 1083 n.6; Anderson, 77 F.3d at 366 n.5. The Court will permit plaintiff one more amendment to sufficiently plead Counts I and III. To comply with the notice requirements of Rules 8 and 10, plaintiff shall separate by count each individual claim, setting forth the patient (identified by initials); the specific insurance plan under which plaintiff is proceeding and whether it is an ERISA-governed plan or not;[5] the dates of treatment at plaintiff's facility; the amount of alleged incurred charges; the amount of charges allegedly remaining outstanding; and the amount of benefits sought on behalf of that patient. See generally, Response Oncology, Inc. v. The Metrahealth Ins. Co., 978 F. Supp.2d 1052 (S.D. Fla.)(setting forth underlying patients' claims giving rise to medical care provider's - as assignee of patients - claim for benefits for unpaid balances against ERISA plan), clarified on reconsideration, Case No. 96-1772-CIV, 1997 WL 33123678 (S.D. Fla. Nov. 6, 1997).

---

[5] Assuming the ERISA claims survive any future summary judgment practice, the Court is inclined to assert supplemental jurisdiction over the state law breach of contract claims.

### C. **Motion For Summary Judgment**

As set forth above, the posture of the pleadings render it impossible for the Court to consider BCBSF's motion for summary judgment. Furthermore, on this record, issues of material fact exist as to whether Kindred Hospital satisfied the conditions precedent to the patients' contract with BCBSF (Count I) and exhausted its administrative remedies with regard to the ERISA claims (Count III). The parties have filed competing affidavits.[6] It is clear that further development is required on this issue.[7] Accordingly, the Court will deny BCBSF's motion for summary judgment without prejudice to its renewing the motion at a later time.

For the foregoing reasons, and upon due consideration, it is hereby

**ORDERED:**

1. Defendant's Motion To Dismiss Second Amended Complaint Or, Alternatively, For Summary Judgment (Doc. 42) is **GRANTED IN PART AND DENIED IN PART** as follows:

---

[6] BCBSF has submitted the affidavit of its Legal Affairs Representative Sylvia T. Dornes, who states that "Blue Cross has no record of grievances filed by the RP [sic] pursuant to these complaint and grievance procedures." (Doc. 43-3 at 3, ¶ 9.) In response, Kindred Hospital filed the affidavit of its chief financial officer Joyce Caltrider in which she states that in each instance, "the Hospital complied with the manner and method of review provided by BCBS for the patient accounts herein." (Doc. 50-2 at 7, ¶ 29.)

[7] It is also not clear whether, even assuming *arguendo* plaintiff has not exhausted administrative remedies, it is now time-barred from doing so.

A.      Count II of the Second Amended Complaint (Doc. 39) is **DISMISSED WITH PREJUDICE**.

B.      Counts I and III of the Second Amended Complaint (Doc. 39) are **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**.  Plaintiff shall file its third amended complaint no later than **March 2, 2007**.  Defendant's response to the third amended complaint will be served no later than **March 20, 2007**.

C.      Defendant's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**.

2.      The Court will conduct a **TELEPHONE STATUS CONFERENCE** on this case on **Thursday, March 22, 2007,** at **2:00 p.m.**  Counsel for plaintiff is directed to initiate the telephone conference call by calling counsel for the defendant and then calling the Court's polycom telephone line, (904) 549-1949.[8]  **The call should be placed to the Court five minutes prior to the scheduled hearing time.**

---

[8] To maximize the quality of the audio-connection, counsel are requested not to use cell phones or speaker phones during the hearing.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of February, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

j.
Copies to:
Counsel of Record